IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER DENYING MOTION
TO ALTER JUDGMENT**

In October 2015, the court sentenced the defendant, Abraham Moses Fisch, to 180 months in prison, (Docket Entry No. 467), and ordered that he forfeit $1.15 million to the United States, including substitute-asset forfeiture of his residence at 9202 Wickford Drive to cover any deficiency, (Docket Entry Nos. 470, 471). In March 2017, the United States Court of Appeals for the Fifth Circuit affirmed Fisch's conviction and sentence. *See United States v. Fisch*, 851 F.3d 402 (5th Cir. 2017). On June 6, 2017, Fisch timely petitioned for a writ of certiorari from the United States Supreme Court. *See Fisch v. United States*, No. 16-1483 (petition for cert. docketed June 13, 2017).

Fisch now moves under 28 U.S.C. § 2255 to alter the court's judgment and amend the order of substitute-asset forfeiture. (Docket Entry Nos. 621, 623). Fisch argues that the recent Supreme Court decision in *Honeycutt v. United States*, — U.S. —, No. 16-142 (June 5, 2017), precludes a portion of the money judgment and makes the substitute-asset forfeiture unnecessary. The government has responded, (Docket Entry No. 624), and Fisch has replied, (Docket Entry No. 625). Based on the motions, the response, the reply, and the applicable law, the motions to alter this court's judgment and amend the order of forfeiture are denied without prejudice. Fisch may refile

1

his § 2255 after the judgment becomes final.

"It is a jurisdictional requirement of Section 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citation omitted). When a defendant has petitioned for certiorari from the Supreme Court on direct appeal, the judgment and conviction are not final until the petition is denied or the appeal is affirmed by the Supreme Court. *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). Because Fisch's petition for certiorari is still pending before the Supreme Court, this court does not have jurisdiction to alter its judgment under § 2255.[1] Fisch my refile his motions and reurge the argument once the judgment he seeks to alter has become final.

Fisch's motions, (Docket Entry Nos. 621, 623), are denied without prejudice.

SIGNED on June 19, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] Fisch argues that because § 2255(f)(3) includes a one-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court," the Court's decision on June 5, 2017 in *Honeycutt* confers jurisdiction on this court to amend its judgment. (Docket Entry No. 625 at 1). That is not the standard. Section 2255(f) starts the limitations period "from the *latest* of" (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f) (emphasis added). In this case, the court does not have jurisdiction, and the limitations period does not begin to run, until after the judgment has become final.