IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER TO TEMPORARILY
ABATE SALE**

Abraham Fisch and Malkah Bertman move the court to reconsider its order denying a stay of the sale of Fisch's residence at 9202 Wickford Drive as a substitute asset subject to forfeiture. (Docket Entry No. 634). They also move to compel the government to follow the procedures of 28 U.S.C. § 2001, regulating a government sale of forfeited property. (Docket Entry No. 635). The court grants the motion to compel, denies the motion for reconsideration as moot, and temporarily abates the sale to allow time for the government to comply with the statutory requirements.

Section 2001[1] states that "[b]efore confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property . . . . No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation." 28 U.S.C. § 2001. If the government receives a bona fide offer that is at least ten percent higher than the original offer of sale, the court may refuse to

---

[1] Federal Rule of Criminal Procedure requires interlocutory sales of forfeited property to follow the procedures of Supplemental Rule G(7) of the Federal Rules of Civil Procedure, and Rule G in turn incorporates the procedures of 28 U.S.C. §§ 2001–2004. *See* FED. R. CRIM. P. 32.2(b)(7); SUPP. FED. R. CIV. PRO. G(7)(b).

1

confirm the original offer of sale. *Id*.

The government concedes that it has found a bona fide private purchaser for the residence, but it has not followed the § 2001 procedures. (Docket Entry No. 636 at 6). The government used a single appraiser and received what it believes to be a highly favorable offer of $1.5 million for the property. (*Id*. at 5). The government argues that Fisch has waived his right to rely on § 2001 by failing to invoke it in his multiple objections to the government's attempt at an interlocutory sale.[2] (*Id*. at 8–9). But Fisch has consistently objected to the court's order of forfeiture and the government's sale. Supplemental Rule G requires compliance with the § 2001 processes in the sale unless the parties agree otherwise. The parties have not agreed, and Fisch has not waived the requirement of the rules.

The government is ordered to comply with the § 2001 requirements by commissioning two more independent appraisals of the residence and publishing a notice of the terms of sale in a newspaper of general circulation in Harris County, Texas, at least ten days before the date set for closing the sale. The court will not confirm an order of interlocutory sale until these conditions have been met. The government may pay the costs of the added appraisals and of the publication out of the sale proceeds.

SIGNED on July 11, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[2] The government argues in the alternative that the court could enter a final order of forfeiture so that the rules of interlocutory sales governed by Supplemental Rule G(7) no longer apply. (Docket Entry No. 636 at 9–10). But Fisch's petition for certiorari to the Supreme Court is still pending. For the same reason that Fisch cannot collaterally attack the court's order of forfeiture, as the court already ruled, the government should not proceed to a final order of forfeiture at this stage of the case. (*See* Docket Entry No. 626).