IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |
| LLOYD GLEN WILLIAMS | § | |

**ORDER CONFIRMING THE INTERLOCUTORY SALE AND DENYING THE PETITION FOR WRIT OF CORAM NOBIS**

The United States moved for interlocutory sale of 9202 Wickford Drive, Houston, Texas 77024. (Docket Entry No. 576). The court considered Abraham Fisch's objections and overruled them, recognizing that the United States had the authority to convey clear title to the property under Fed. R. Crim. P. 32.2(b)(7). The court granted the motion for interlocutory sale. (Docket Entry No. 609). The United States now moves for an order confirming that sale. (Docket Entry No. 653). Fisch objects and has filed for a writ of coram nobis to stop the sale, the government responded, and Fisch replied. (Docket Entries Nos. 642, 649, 650). The court ordered supplemental briefing on specific questions, which the parties provided. Fisch filed a motion to stay the interlocutory sale in the Supreme Court while his petition for writ of a writ of certiorari is pending (Docket Entry No. 655). The Supreme Court has denied his motion, making this motion to stay moot.

Title 28 U.S.C. § 2001(b) provides the required procedures for a private sale of realty. The United States met each requirement. It had three appraisals conducted, which valued the property between $1,240,000 and $1,750,000. (Docket Entry No. 653, Ex. A1-A3). The highest offer was $1,500,000, more than two-thirds of the appraised value. The United States entered into a contract

to sell the property, conditioned on the court's approval. The United States had the terms of the private sale published in the *Houston Chronicle*, a newspaper of general circulation. The publication took place ten days before the sale was confirmed. There was no other offer. The United States' motion for confirmation of interlocutory sale is granted. (Docket Entry No. 653).

In their initial briefs, the parties confined themselves to arguing whether a writ of coram nobis was a procedurally adequate vehicle for Fisch to contest the forfeiture. The court requested supplemental briefing on the merits of Fisch's argument. (Docket Entry No. 651). The court asked the parties to respond to the following questions:

(1) Does a preponderance of the evidence in the record show that Fisch "himself actually acquired as the result of the crime" the $700,000 of forfeitable property currently in dispute? *See Honeycutt*, No. 16-142 at 11.

(2) Does the "mere intermediary" exception under 21 U.S.C. § 982(b)(2) or a similar provision apply to Fisch?

The United States and Fisch both filed supplemental briefs. (Docket Entry Nos. 651, 654). On August 25, Fisch filed his supplemental brief. (Docket Entry No. 654). The court has considered the arguments and, based on the record and governing law, denies Fisch's petition for a writ of coram nobis.

The All Writs Act grants federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The writ of coram nobis "is an extraordinary remedy to correct errors 'of the most fundamental character.'" *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). The requirements for issuing a writ of coram

nobis differ by circuit. *See Nowlin v. United States*, 81 F.Supp.3d 514, 521 (N.D. Miss. 2015) ("The various federal courts of appeals have rendered conflicting opinions as to the requirements for obtaining *coram nobis* relief; as such, its methods of application vary among the circuits."). The Fifth Circuit requires a petitioner seeking the writ to show:

> (1) a continuing civil disability as a consequence of her prior conviction, *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994); that (2) she exercised "reasonable diligence in seeking prompt relief," *Dyer*, 136 F.3d at 427 (internal quotations omitted) (citing *Morgan*, 346 U.S. at 512, 74 S.Ct. 247); (3) no other remedy is available, *id.* at 422 (citing *Morgan*, 346 U.S. at 512, 74 S.Ct. 247); and (4) unless relief is granted, there will be "a complete miscarriage of justice," *Castro*, 26 F.3d at 559.

*Chico v. United States*, 2017 WL 3309826, *2 (5th Cir. 2017). If a petitioner fails to satisfy any of the requirements, the writ will not issue.

As a threshold matter, the parties dispute whether Fisch is barred from petitioning for a writ of coram nobis because he is in custody. Coram nobis is "available to a petitioner *no longer in custody* who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (emphasis added) (quoting *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir.1996)). Petitioners in custody are consistently denied coram nobis relief in this circuit. *See United States v. Putnam*, 686 F. App'x 277, 278 (5th Cir. 2017); *United States v. Jones*, 674 F. App'x 432 (5th Cir. 2017); *United States v. Dominguez*, 77 F.3d 478, *1 (5th Cir. 1996).

Fisch cannot show a continuing civil disability as a consequence of his conviction, because he is still in custody. He cannot show, for example, that any error in his conviction bars him from reentering his profession, *United States v. Foont*, 901 F.Supp. 729 (S.D. NY 1995), or creates a risk

of ineligibility to reenter the country, *Kovacs v. United States*, 744 F.3d 44 (2d Cir. 2014). Because he fails the "continuing civil disability" prong, he cannot successfully bring a petition for writ of coram nobis.

Fisch argues that the "in custody" preclusion is inapplicable because he is not challenging his conviction or his sentence other than the application of the forfeiture. If that is right, then Fisch is using the wrong procedural vehicle to challenge the forfeiture aspect of his sentence. Although other circuits have contemplated how coram nobis might be used to challenge restitution, *see, e.g.*, *United States v. Mischler*, 787 F.2d 240 (7th Cir. 1986) (approving using coram nobis to challenge a restitution order while in custody); *Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003), the Fifth Circuit treats coram nobis as a remedy "to vacate or modify [a] prior criminal conviction." *Chico*, 2017 WL 3309826 at *2; *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) ("[A] petition for a writ of error coram nobis is a collateral attack on a criminal conviction . . . ."); *United States v. Foont*, 99 F.3d 76, 79 (2d Cir. 1996). Because Fisch is challenging the forfeiture, not his conviction, the writ does not lie.

Even if a writ of coram nobis was the appropriate procedure to challenge the forfeiture, Fisch's argument fails on its merits. Under the criminal forfeiture statute, "[a]ny person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a). The Supreme Court recently held in *Honeycutt v. United States* that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." 137 S. Ct. 1626, 1635 (2017). Joint and several

liability is not authorized for forfeitures under § 853 that are limited to property acquired or used by the defendant, including §§ 853(a), (c), (e)(1), (d) and (p).

Fisch argues that he did not "acquire" the disputed $700,000 because he "never secured personal possession of the funds himself and merely deposited the money in trust for his clients . . . ." He asserts that he had no right to "obtain or acquire" his clients' funds after putting them into an Interest on Lawyer Trust Account. According to Fisch, a party must keep funds "for his own use or purpose," "retain[] any interest in the funds," or "transfer[] any of those funds into a personal account," in order to subject the funds to § 853.

Fisch's reading of "acquire" is incorrect. In *Honeycutt*, the Court engaged in an analysis of the definition of "obtain":

> At the time Congress enacted § 853(a)(1), the verb "obtain" was defined as "to come into possession of" or to "get or acquire." Random House Dictionary of the English Language 995 (1966); see also 7 Oxford English Dictionary 37 (1933) (defining "obtain" as "[t]o come into the possession or enjoyment of (something) by one's own effort, or by request; to procure or gain, as the result of purpose and effort"). That definition persists today. See Black's Law Dictionary 1247 (10th ed. 2014) (defining "obtain" as "[t]o bring into one's own possession; to procure, esp. through effort").

137 S.Ct. at 1632 (citation omitted). The current definition of "acquire" is substantively identical: "To gain possession or control of; to get or obtain." *Black's Law Dictionary* (10th ed. 2014). For property to be forfeitable under § 853, a defendant must gain possession of the property through effort.

Fisch conflates acquisition and prolonged possession by asserting that he had to transfer funds into a personal account for the property to be subject to forfeiture under § 853. Fisch argues that he had no right to "obtain or acquire" funds that he received and deposited into an Interest on Lawyer Trust Account. But whether he was authorized to access those funds after deposit does not

affect whether he brought those funds into his possession through effort. Neither *Honeycutt*, nor the cases relying on it, require that property be kept or used for personal benefit to be "acquired." What matters is that Fisch brought the funds into his possession. Overwhelming evidence shows that he did. *United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005).

Fisch was more than a middleman who followed orders to transfer funds to Williams. He received funds by, among other things, soliciting defendants, negotiating financial contract terms, and receiving both cash and checks made payable to him. Fisch brought the funds into his possession through these efforts, acquiring the funds personally. After acquiring the funds, Fisch had the choice to deposit the funds into his own account or transfer them to his coconspirator. He chose the latter. The fact that he neither deposited the funds into his own personal account or spent them for his own personal benefit is irrelevant. Transferring the funds to Williams did not immunize Fisch from having "actually acquired" the funds initially, a scenario directly contemplated by § 853. *See* 28 U.S.C. § 853(p)(1)(B).

The parties agree that § 982(b)(2)'s "mere intermediary" exception does not apply. Fisch argues more broadly that he is not subject to forfeiture of assets under § 982 because joint and several liability is prohibited post-*Honeycutt*. In other words, Fisch argues that because he is not liable under § 853 and—because § 853 governs § 982—he cannot be liable under § 982. *See* 18 U.S. § 982(b)(1). Fisch's argument mirrors his unpersuasive "actually acquired" argument. Because the "mere intermediary" exception does not apply to Fisch, § 982(b)(2) does not allow him to evade forfeiture of the disputed funds.

The United States' motion for confirmation of interlocutory sale is granted. (Docket Entry No. 653). Fisch's petition for a writ of coram nobis is denied. (Docket Entry No. 642). In addition to the $450,000 portion of Fisch's forfeiture sentence that is undisputed, (Docket Entry Nos. 642, 643, 650), Fisch is liable for the remaining $700,000.

SIGNED on September 5, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge