IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER DENYING MOTION TO RELEASE TAX LIENS**

**I.     The Parties' Contentions**

The defendant, Abraham Fisch, filed a motion to release tax liens imposed by the Internal Revenue Service on his property at 922 Columbia in Houston, Texas. (Docket Entry No. 662). The Internal Revenue Services has two recorded tax liens on the property, in the amounts of $6,772.62 and $69,640.66, plus penalty and interest. (Docket Entry No. 662-1). Fisch anticipates that a sale of the property will close soon. Fisch asks the court to order that the tax liens be released and to "disallow the IRS to mandate compliance with its usual and customary procedure of requiring documentation and approval of the sale." (Docket Entry No. 662, ¶ 3).

The government responds that the Columbia property is not at issue in this case because that property has not been forfeited. (Docket Entry 663). Fisch replies that the government previously "evinced a clear and unequivocal intent to forfeit any proceeds of the [Columbia property] sale after payment of liens and/or abstracts of judgment." (Docket Entry No. 664, ¶ 2). Fisch points to the response to his motion to compel the release of the Columbia property's deed of trust, (Docket Entry No. 645, 2–3), in which the government stated:

> The United States Attorney's Office would be willing at the closing of a sale of the Columbia property to file a partial release of its abstract of judgment . . . on the condition that the sales proceeds be placed in the Court's Registry (as offered by the Defendant on page 3 of his Motion to Compel) after payment of the mortgage, property taxes, and IRS lien. The United States could then seek to forfeit the net

proceeds, the Defendant's wife, Malkah Bertman, could file a claim to whatever portion she thought she was entitled to, and the Court would adjudicate the claims and determine the proper amount forfeitable as substitute assets.

## II. Background

On October 27, 2015, the court entered a forfeiture order imposing a $1,150,000.00 judgment against Fisch. (Docket Entry No. 470). The order stated that "[t]he United States of America may, at any time, move to amend this order to substitute property to satisfy the personal money judgment in whole or in part pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p)." *Id.* The court granted the government's motion to amend the order of forfeiture, (Docket Entry No. 471), forfeiting Fisch's property at 9202 Wickford Drive in Houston, Texas as substitute property. The government has not moved to amend the forfeiture order to include the Columbia property.

## III. Analysis

As a threshold matter, Fisch has not shown that the injunctive relief he seeks is available. The Anti-Injunction Act, 26 U.S.C. § 7421(a), states that, subject to exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." This "permit[s] the United States to assess and collect taxes alleged to be due without judicial intervention." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). "If a taxpayer files a claim in a federal district court that falls within the ambit of the Anti-Injunction Act and no exception applies, the court must dismiss the claim for lack of subject matter jurisdiction." *Cooper v. United States*, 2010 WL 11530301, at *5 (E.D. Tex. Mar. 4, 2010).

Fisch asks the court to release the two tax liens, preventing the Internal Revenue Service from enforcing the liens when the underlying property is sold. Fisch's request for injunctive relief is prohibited as a matter of law.

Even if the Anti-Injunction Act did not apply, the government is right that the Columbia property is no longer at issue in this case. The property was initially relevant because it secured Fisch's $200,000 appearance bond. (Docket Entry No. 411). The appearance bond was satisfied when Fisch was taken into custody on October 27, 2015. (Docket Entry No. 467). When the court granted Fisch's motion for release of the Columbia property deed of trust, (Docket Entry No. 659), the property no longer played a role in this case.

Fisch apparently believes that the government intends to seek forfeiture of the Columbia property. The government has not "clear[ly] and unequivocal[ly]" expressed an intent to do so. The government previously stated that it could seek to forfeit the net profits from the sale, not that it would do so. (Docket Entry No. 645, 2–3). The government now expressly states that it "does not seek . . . forfeiture" of the Columbia property, (Docket Entry No. 663, 1), and it has not sought to forfeit the property. This is an additional ground to deny the relief Fisch seeks.

**IV. Conclusion**

Fisch's motion for release of the tax liens on the Columbia property, (Docket Entry No. 662), is denied.

SIGNED on October 3, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge