IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | CRIMINAL NO. H-11-722 |
| § | |
| § | |
| ABRAHAM MOSES FISCH § | |

**ORDER**

Malkah Bertman, a third-party petitioner, moves to require the government to pay property taxes, interest, and penalties that have accrued on the Wickford property since the commission of offenses for which her husband, Abraham Moses Fisch, was convicted. (Docket Entry No. 671). She argues that the national policy of the Department of Justice "provides in relevant part that the United States will pay state and local real property taxes which accrue up to the date of the entry of an order or judgment for forfeiture in both civil and criminal proceedings." *Id.* The government filed a response. (Docket Entry No. 672).

Based on the motion, response, and applicable law, Bertman's motion is denied. The reasons for this decision are explained below.

**I.    The Asset Forfeiture Policy Manual**

Section IV of the Department of Justices's Asset Forfeiture Policy Manual states:

IV.    Taxes and Penalties

    A.    Payment of state and local real property taxes

Notwithstanding the enactment of 18 U.S.C. § 983(d)(3), which bars assertion of the "innocent owner defense" recovery in certain civil forfeiture cases by persons who are not bona fide purchasers for value, it is Department policy that the Government pays state and local real property taxes that accrue up to the date of the entry of an order or judgment of forfeiture. The refusal to pay such taxes would draw the Government into conflict with state and local authorities, and would have the potential to complicate the interlocutory or post-judgment sale of real property. For

the same reasons that it is the Department's policy in civil forfeiture cases to pay state and local taxes even if those tax liabilities accrue after the events giving rise to forfeiture, it is the Department's policy to also pay such taxes in criminal forfeiture cases.

    B.    Payment of interest and penalties on real property taxes

To ensure consistent national treatment of the payment of interest and penalties on state and local taxes that have accrued on forfeited real property up to the date of entry of the final order of forfeiture:

    (1)    The Government will pay interest on overdue taxes incurred up to the date that the final order of forfeiture is entered; and

    (2)    The Government will pay penalties on overdue taxes until the date of entry of the final order of forfeiture in the event that this does not conflict with local taxing authority requirements. If taxing authorities require a greater period for penalties, the Government will comply. A final order must be properly recorded.

Outstanding real property taxes (and interest thereon) may only be paid up to the amount realized from the sale of forfeited real property.

*Policy Manual: Asset Forfeiture Policy Manual* (2016), Chap. 13, Sec. IV.

## II.    Analysis

Bertman "invokes" the Asset Forfeiture Policy Manual to support her position that the government is required to pay the outstanding taxes, interest, and penalties on the Wickford property. (Docket Entry No. 671 at 1). Bertman cannot rely on the Manual for this purpose because it does not create a privately enforceable right. The Manual expressly states that "[i]t does not . . . create or confer any legal rights, privileges, or benefits that may be enforced in any way by private parties." *Policy Manual: Asset Forfeiture Policy Manual* (2016), Forward (citing *United States v. Caceres*, 440 U.S. 741 (1979)). The Fifth Circuit has held that the Manual is an "internal document[]" that is "not intended to be binding." *United States v. Tracts 31a, Lots 31 & 32, Lafitte's Landing Phase Two Port Arthur, Jefferson Cty. Texas*, 852 F.3d 385, 392 n.7 (5th Cir. 2017). Bertman relies on no authority besides the Manual to support her position. Because she

cannot enforce a nonbinding policy that does not establish create or confer a private right, her argument is unavailing.

## III. Conclusion

Bertman's motion to require the government to pay property taxes, interest, and penalties, (Docket Entry No. 671), is denied.

SIGNED on January 4, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge